## Hedberg Estate

*Elgin E. Weest*, for Commonwealth.

*George H. Class* and *Harry Smuckler*, for appellant.

VAN RODEN, P. J., July 9, 1954.—This is an appeal from an inheritance tax appraisement. A hearing on the appeal was heard in open court on April 26, 1954. From the testimony submitted at the hearing and the other competent evidence in the case the court finds the facts to be as hereinafter set forth.

Decedent died March 17, 1953, intestate, survived by his daughter, Emily Sambuco, to whom letters of

administration were granted by the Register of Wills of Delaware County on March 27, 1953.

The question here involved is whether premises 701 Shadeland Avenue, Upper Darby, is subject to inheritance taxation as part of decedent's estate.

On or about March 1, 1952, while decedent and his daughter were the registered owners of this real estate as tenants in common, decedent entered into an oral agreement with his daughter and her husband, whereby decedent agreed to execute a deed changing the ownership of the property from tenancy in common to a joint tenancy with right of survivorship, and in return, the daughter and son-in-law agreed to maintain decedent for the remainder of his life, pay the existing mortgage of approximately $600, also pay his debts amounting to $465.19, and further agreed to be obligated on a new mortgage of $3,000, the proceeds of such mortgage to be used to make necessary repairs to the property.

The new deed was executed on June 13, 1952, being less than one year prior to decedent's death on March 17, 1953.

The register of wills, as agent for the Commonwealth of Pennsylvania, determined decedent's interest in the real estate was subject to inheritance taxation, appraised it at $15,000, and then found decedent's one-half interest to have a value of $7,500. After allowing debts and deductions as claimed by the daughter in her affidavit, the register determined the net clear value of decedent's estate to be $6,304.23 and assessed the direct and collateral inheritance tax thereon amounting to $613.58.

Appellant (decedent's daughter) contends that no part of the real estate was taxable as part of decedent's estate. This contention is based on her interpretation of subsection (c) of section 1 of the Act of June 20, 1919, P. L. 521, 72 PS §2301(c), which provides:

"When the transfer is of property made by a resident, or is of real property within this Commonwealth or of goods, wares, and merchandise within this Commonwealth, or of shares of stock of corporations of this Commonwealth, or of national banking associations located in this Commonwealth, made by a nonresident, by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor, or donor, or intended to take effect in possession or enjoyment at or after such death.

"If such transfer is made within one year prior to the death of the grantor, vendor, or donor of a material part of his estate, or in the nature of a final disposition or distribution thereof, and without an adequate valuable consideration, it shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this clause."

Subsection (e) of the act provides:

"Whenever any property, real or personal, is held in joint names of two or more persons, except as husband and wife, or is deposited in banks or other institutions or depositories in the joint names of two or more persons, except as husband and wife, so that upon the death of one of them the survivor or survivors have a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right by the death of one of them shall be deemed a transfer, taxable under the provisions of this act, of a fractional portion of such property, to be determined by dividing the value of the whole property by the number of joint tenants in existence immediately preceding the death of the deceased joint tenant. Subject to the provisions of paragraph (c) of this section, the provisions of paragraph (e) shall apply regardless of when such joint estate was first created."

It is the contention of counsel for appellant that the provisions of subsection (e) are subject to the provi-

sions of subsection (c) and that subsection (c) exempts transactions where there has been "adequate valuable consideration".

This question has heretofore been decided by this court in Wilson's Estate, 40 D. & C. 468 (1940), where the late McDonough, P. J., held that where property is conveyed pursuant to an agreement under which the grantees are to pay taxes and repairs and also care for and maintain the grantors for the balance of their lives, the conveyance is one intended to take effect in enjoyment at or after death, and the property is therefore subject to transfer inheritance tax upon the death of the grantors to the extent of their interest therein. Likewise, in Stone Estate, 81 D. & C. 60 (1952), where a woman about to enter a home for the aged executed an assignment of all of her property to the home, the Orphans' Court of Luzerne County held that upon her death a taxable interest in her real estate passed to the home.

In both the Wilson and Stone cases, however, the court directed that the grantees were entitled to a deduction for inheritance tax purposes to the extent of expenditures made by them. In the instant case, the court finds that the grantees are entitled to a deduction of $600 covering repayment of the former mortgage, $465.19 covering payment of decedent's bills, $3,000 covering the new mortgage, and also the sum of $600 covering the cost of decedent's maintenance from the date of conveyance to the date of death. Accordingly, the value of decedent's interest in the real estate should be reduced to the extent of $4,665.19 by virtue of the said items.

Deducting the sum of $4,665.19 from the appraised value of $7,500, we find that decedent's taxable interest in the real estate was in the amount of $2,834.81 and that one half of such amount is taxable at the collateral rate of 15 per cent and the remaining one half at the direct rate of two per cent. The proper officials of the

inheritance tax division of the Department of Revenue of the Commonwealth of Pennsylvania are hereby directed to compute and assess the inheritance tax due in this estate in accordance therewith.

Accordingly, the court enters the following

*Decree*

And now, to wit, July 9, 1954, the appeal of Emily Sambuco, administratrix of the estate of Gerhard Hedberg, deceased, having come on to be heard by the court, and testimony together with oral argument and written briefs having been submitted to the court, after a full and careful consideration and review of the entire matter, the court being of the opinion that appellant is justly entitled to some relief; it is, therefore, ordered, adjudged and decreed as follows:

1. Appellant's request to have the appraisal for inheritance tax purposes of decedent's interest in premises 701 Shadeland Avenue set aside in toto is hereby refused.

2. The valuation of decedent's interest in the real estate in the gross appraisal of $7,500 is hereby approved.

3. In determining the net clear value of decedent's interest in the real estate for inheritance tax purposes, the proper officials of the inheritance tax division of the Department of Revenue of the Commonwealth of Pennsylvania are hereby ordered and directed to allow deductions amounting to $4,665.19 covering the actual consideration paid by the surviving joint tenants for the conveyance, thereby arriving at a nèt taxable value of $2,834.81, one half of which shall be taxable at the collateral rate and one half at the direct rate.

4. To the extent indicated by the foregoing, the appeal of the administratrix of decedent's estate is hereby sustained and allowed, but is disallowed and dismissed as to any amount in excess thereof.

5. The parties shall bear their respective costs.